## SUPREME COURT.

SALLOWS S. LAKIN, appellant, agt. THE NEW-YORK & ERIE RAILROAD COMPANY, respondents.

It is improper to *move for an order* referring a cause back to a referee to make a further or supplemental report, stating whether certain facts were proved before him or not, where it appears from the referee's report that he has passed upon all the facts necessary to a decision of the cause, and has stated those facts in his report, agreeably to § 272 of the Code.

It would be, substantially, granting a new trial in fact, without power to hear the parties on the testimony.

After the referee has made his report on the facts and conclusions of law, the only thing for the court to do is to examine and determine,

1st. Whether he has passed upon all the material issues made by the pleadings.

2d. Whether his finding on each of the questions of fact is supported by the evidence; and,

3d. Whether the legal conclusions from the facts are in accordance with the law of the land

*General Term, 6th District, Cooperstown, July,* 1855.

THIS was a motion made at January term, 1855, for a rule or order referring it back to H. Ballard, Esq., sole referee in this

Lakin agt. The New-York & Erie Railroad Company.

cause, to make a further or supplemental report, stating whether certain facts were proved before him or not.

T. H. WHEELER, *for appellant.*
WHEELER & MORE, *for respondents.*

By the court—SHANKLAND, Justice. It is not pretended that all the evidence given on the trial is not embodied in the case made and settled, or to be settled; but it is claimed that the referee has omitted to pass upon all the facts proved on the trial, and necessary to be stated in order to determine the rights of the parties; but a careful examination of the pleadings and report of the referee convinces me that he has passed upon all the facts necessary to the decision of the cause, and has stated those facts in his report agreeably to § 272 of the Code.

The main issue to be tried was, whether the defendants had so constructed their bridge across the Delaware river *as not to impair its usefulness,* or, in the language of the general railroad act of 1850, whether the defendants restored said river to its former state, or to such a state as not unnecessarily to impair its usefulness." The referee finds, as matter of fact, " that the bridge is so constructed as not materially to injure the free navigation of the river with rafts, in time of an ordinary freshet, for running lumber, when such rafts are conducted with proper skill and care ; and that defendants did sufficiently restore said stream to its former state, so as not to have impaired its usefulness for the navigation of rafts of lumber in times of ordinary freshets for running lumber, and when such rafts are conducted with proper skill and care." Whether the facts found by the referee warrant the conclusions of law drawn by him therefrom is not to be determined in this motion; that question will arise and must be met on the argument, on the motion to reverse the judgment entered on the report. Whether the qualified finding of the referee as to the degree in which the stream was restored to its former state of usefulness comes up to what the statute requires will then be in order.

If the defendants restored the stream to its former state of

usefulness, they are not liable for any damage to persons navigating the same from whatever cause arising. It matters not, therefore, whether the plaintiff's rafts were manned with expert and careful hands or otherwise, nor whether they used ordinary or extraordinary skill in navigating said rafts on the occasion in question. I repeat, the great essential fact to be ascertained was, whether the defendants restored said stream to its former state of usefulness.

The inquiry as to the manner in which the rafts were navigated was material only in determining the great question before mentioned, but was not necessary to be mentioned in the report; and if it had been expressly found that the rafts were navigated with ordinary care and skill, it would not have changed the result, because the accident may have been the result of inevitable accident; or the stream, prior to the erection of the bridge, may have required extraordinary skill to run it in safety at the place where the bridge is erected. But, as a question of practice, it seems to me improper to ask for an amended report from a referee, on motion, in a case like this.

If the referee has neglected to find all the issues referred to him, and necessary to the determination of the action, the remedy should be a motion for a new trial, like the old practice of issuing a *venire facias de novo*, where the verdict, whether general or special, was imperfect by reason of some uncertainty or ambiguity, or does not find the whole matter put in issue. (2 *Dunlap's Practice*, 693, 656; 4 *J. R.* 213; 2 *id.* 210.)

If we should grant this motion, it would substantially be referring back the cause to the referee, to adjudicate upon points which he neglected to pass upon on the former hearing. In short, it would be granting a new trial in fact, without power to hear the parties on testimony. I am certain this cannot be done. After the referee has made his report on the facts and conclusions of law, the only thing we can do is to examine and determine,

1st. Whether he has passed upon all the material issues made by the pleadings.

2d. Whether his findings on each of the questions of fact is supported by the evidence.

3d. Whether the legal conclusions from the facts are in accordance with the law of the land.

If the referee has erred in either of these particulars, we must grant a new trial, or other appropriate remedy. I am of opinion that the referee has passed upon all the material issues in this case; and that, at all events, the party's only remedy is to bring on his appeal to argument; and if it there appears that all the issues made have not been passed upon, or the report is ambiguous, or the legal conclusions from the finding are erroneous, then a new trial is the proper remedy to be granted.

This motion asks for a remedy which is inappropriate, and should be denied, with $10 costs.